IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

APR 16 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25 CR 00186 |
| | ) | Title 8, United States Code, |
| JUAN TIUL XI, | ) | Sections 1324(a)(1)(A)(iv) and |
| | ) | 1324(a)(1)(B)(i); Title 18, |
| Defendant. | ) | United States Code, Sections |
| | ) | 1001, 1028A(a)(1), and 2 |

JUDGE OLIVER

GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

The U.S. Department of Health and Human Services
Office of Refugee Resettlement's Unaccompanied Alien Children Program

1. The United States Department of Health and Human Services (HHS) was a department within the Executive Branch of the United States government.

2. Unaccompanied Alien Children (UACs), who were apprehended by the Department of Homeland Security (DHS) immigration officials or another federal agency, were transferred to HHS's Office of Refugee Resettlement (ORR), which was responsible for the care and custody of UACs awaiting immigration proceedings.

3. UACs were defined as individuals who had no lawful immigration status in the United States, were under 18 years of age, and had no parent or legal guardian in the United States or no parent or legal guardian in the United States was available to provide care and physical custody.

4. ORR usually retained custody until UACs: (1) were released to a parent, guardian, relative, or other qualified sponsor; (2) were transferred to foster care; or (3) turned 18 years old.

5. The process of releasing a UAC from ORR custody to a sponsor involved several steps, including, but not limited to, the identification of sponsors, the submission of a sponsor application, and an assessment of sponsor suitability, which included verification of the sponsor's identity and relationship, if any, to the child.

6. All potential sponsors were required to submit a "Family Reunification Application" and documents that verified the sponsor's identity and relationship claimed between the sponsor and the UAC, among other documents. Many sponsors also submitted an "Authorization for Release of Information."

7. A birth certificate was among a list of acceptable documents to demonstrate the relationship between the sponsor and the UAC.

8. After submission of the Family Reunification Application, Authorization for Release of Information, and other documents, ORR evaluated the materials, took other assessment actions, and determined whether an individual was an appropriate sponsor before releasing a child to the sponsor from ORR custody.

### The Defendant's Family Reunification Application and Authorization for Release of Information Containing False Statements

9. Defendant JUAN TIUL XI was a Guatemalan national born on or about January 12, 1999. In or around and between February and August 2023, Defendant illegally entered the United States and thereafter resided in or around Cleveland, Ohio.

10. UAC-1 was a fourteen-year-old female Guatemalan national when she illegally entered the United States on or about August 21, 2023, using a specific alias (Minor-1), which is the true name of Defendant's sister. UAC-1 provided a copy of Minor-1's birth certificate, which Defendant helped UAC-1 to obtain.

11. After her apprehension by DHS, UAC-1 was transferred to an HHS-funded care provider on or about August 22, 2023, where she remained for approximately 14 days.

12. Defendant submitted and caused to be submitted to ORR the Spanish-language versions of a Family Reunification Application and an Authorization for Release of Information, both with a signature date of July 27, 2023, seeking to sponsor UAC-1.

13. In the Family Reunification Application, Defendant made multiple materially false statements, including:

   a. Defendant falsely stated that UAC-1 was his sister when in fact Defendant and UAC-1 had no familial relation.

   b. Defendant falsely claimed UAC-1's name was Minor-1's true name.

14. Defendant signed the Family Reunification Application, which included the following declarations:

   a. "I declare and affirm under penalty of perjury that the information contained in this application is true and accurate to the best of my knowledge."

   b. "I attest that all documents I am submitting or copies of those documents are free of error and fraud."

   c. "I further attest that I will abide by the care instructions contained in the *Sponsor Care Agreement*."

   d. "I will provide for the physical and mental well-being of the child(ren). I will also comply with my state's laws regarding the care of this child including: . . . Protecting the child(ren) from abuse, neglect, and abandonment . . ."

15. In the Authorization for Release of Information, which Defendant signed under the penalty of perjury, Defendant made at least one materially false statement, including the false claim that UAC-1's name was Minor-1's true name.

16. On or about September 1, 2023, ORR approved the application for Defendant to sponsor UAC-1, based in part on (1) false representations by Defendant, including that UAC-1 and Defendant were siblings, and (2) a birth certificate with the name of Defendant's sister, rather than UAC-1's true name, which birth certificate the defendant caused UAC-1 to provide.

17. On or about September 5, 2023, UAC-1 was transported from the HHS-funded care provider in Brownsville, Texas, to Cleveland, Ohio, to live with Defendant.

## COUNT 1
(Encouraging and Inducing Illegal Entry, 8 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 18 U.S.C. § 2)

The Grand Jury charges:

18. The factual allegations contained in paragraphs 1 through 17 of this Indictment are incorporated by reference as if stated fully herein.

19. Beginning in or around May 2023, and continuing through on or about August 21, 2023, in the Northern District of Ohio, Eastern Division, Defendant JUAN TIUL XI did knowingly encourage and induce an alien, and did aid and abet encouraging and inducing an alien—namely, UAC-1—to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

COUNT 2
(Making a False, Fictitious, and Fraudulent Statement, 18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

20. The factual allegations contained in paragraphs 1 through 17 of this Indictment are incorporated by reference as if stated fully herein.

21. On or about July 27, 2023, in the Northern District of Ohio, Eastern Division, Defendant JUAN TIUL XI did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, Defendant stated in an ORR Family Reunification Application that UAC-1 was Minor-1 when, in truth and fact, as he then well knew, UAC-1 was not Minor-1.

All in violation of Title 18, United States Code, Section 1001(a)(2).

COUNT 3
(Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

22. The factual allegations contained in paragraphs 1 through 17 of this Indictment are incorporated by reference as if stated fully herein.

23. On or about July 27, 2023, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JUAN TIUL XI did knowingly transfer, possess, and use, and did aid and abet the transfer, possession, and use of, a means of identification of another person, without lawful authority, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Making a False, Fictitious, and Fraudulent Statement, in violation of Title 18, United States Code, Section 1001(a)(2), as charged in Count 2 of this

Indictment, knowing that the means of identification belonged to another actual person, Minor-1.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.