# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:25CR186 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | |
| JUAN TIUL XI, | : | **JUAN TIUL XI'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |

Defendant Juan Tuil Xi, through counsel, submits the following memorandum in support of sentencing. First, the parties entered into a Plea Agreement, agreeing that Mr. Xi's total offense level, after acceptance of responsibility, would be Level 13 (PA, ¶¶ 17, 18) which, when coupled with Criminal History Category II (PSR, ¶52), results in an advisory Guideline range of 15 to 21 months for Counts 1 and 2. Count 3 has a mandatory sentence of 24 months that the statute also requires be imposed consecutive to counts 1 and 2. 18 U.S.C. § 1028A(b)(2). Mr. Xi requests this Court follow the offense level calculation, as agreed to by the parties. (*See* PSR, ¶ 78). Second, the parties have no further agreement regarding what sentence the Court should impose. (PA, ¶ 14). Mr. Xi requests that this Court impose an aggregate sentence of 30 months' imprisonment, consisting of 6 months on Counts 1 and 2, with a 24-month consecutive sentence for count 3. Third, he requests the Court to run the entirety of his aggregate federal sentence entirely concurrent with the 8-year state-court sentence Mr. Xi currently is serving. (*See* PSR, ¶ 50). Should the Court decide, over objection, that it either cannot or will not run the sentence for Count 3 concurrent with his state sentence, Mr. Xi would conditionally request that, in that circumstance, the Court impose its sentence for Counts 1 and 2 concurrent with his state sentence. Fourth and finally, Mr. Xi

understands that he will be deported upon his release, and he is eager to return to Guatemala, where his family and kids reside. Therefore, no term of supervised release should be imposed.

## INTRODUCTION

Mr. Xi took responsibility for three Counts charged in the Indictment and entered into a plea agreement with the government on November 24, 2025. (PSR, ¶ 3). Mr. Xi has committed no infractions while he has been detained awaiting sentencing at the Northeast Ohio Correctional Center. (PSR, ¶ 6). The mitigation in this case warrants a sentence of no more than an aggregate 30-month sentence. Although Mr. Xi grew up in an intact family in the Guatemalan countryside, his family was impoverished without adequate food, water, and shelter. (PSR, ¶ 58). He left school so that he could work to help support his family. (Id.)  Before he was indicted for this offense, Mr. Xi was employed as a construction worker. (PSR, ¶ 72). The Court should find that an aggregate sentence of 30 months (6 months on Counts 1 and 2, consecutive to 24 months on Count 3) best complies with Section 3553(a), and that the entirety of that aggregate sentence can and should run concurrently with Mr. Xi's 8-year state sentence. Such a sentence would comport with the statutory goals of sentencing as "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## ARGUMENT

**I.      The 18 U.S.C. § 3553(a) factors warrant an aggregate sentence of 30 months.**

Juan Tiul Xi is 27 years old. Prior to 2024, he had zero prior convictions. He has lived most of his life in Guatemala with his large family, struggling to provide for them. As noted above, he left school because his family needed him to earn money for food and shelter, and he has assisted his family with procuring money to survive all of his life. (PSR, ¶ 58). He started working at age 7, leaving school at age 13 to work full-time (PSR, ¶70). He and his family often did not have

adequate food, water, or shelter. (Id.) Mr. Xi had to have surgery on his stomach due to lack of water and being in cold weather. (PSR, ¶ 62). He is also pre-diabetic. (PSR, ¶ 64). As Mr. Xi explained in his statement accepting responsibility for his offense conduct, part of the reason he engaged in this conduct was that "he was trying to help." (PSR, ¶ 25).

Not only does Mr. Xi support his family, but they support him emotionally as well. Mr. Xi's parents are married, and he had ten siblings: two brothers and eight sisters. (PSR, ¶ 57). Two of his siblings passed away. (Id.) Mr. Xi describes his relationship with his parents and his siblings as "close." (Id.) Further, Mr. Xi has four young children, ages 9, 7, 4 and 2, all of whom reside in Guatemala. (PSR, ¶ 59). Mr. Xi is concerned about his children being adequately fed and clothed due to them growing up in extreme poverty. (Id.)

Mr. Xi's cousin, Celven Coch, was a supportive collateral source for him, participating in an interview with the PSR writer on January 12, 2026. (PSR, ¶ 56). Mr. Coch explained that Mr. Xi's children are "very poor, as they have no clothes or shoes and are in terrible shape." (PSR, ¶ 61). He expressed a desire for Mr. Xi to return to Guatemala to be with his family. Although Mr. Xi reported that he has never been diagnosed with a mental illness, Mr. Coch reports that Mr. Xi has struggled mentally and emotionally during the time he has been incarcerated. (PSR, ¶ 67). Mr. Xi, too, has explained experiencing bouts of depression while incarcerated in this case, especially thinking about his parents and whether they are being cared for. (PSR, ¶ 66).

Even without the instant case's sentence, Mr. Xi has a lengthy imprisonment sentence that he must serve. His current projected release date from his 8-year state sentence is October 14, 2032. (PSR, ¶ 50). He welcomes the deportation that inevitably awaits him after he serves both his state and federal sentences, so that he can be reunited with his family.

3

The PSR in this case calculates a total offense level for Counts 1 and 2 higher than that agreed to by the parties in the plea agreement. (*See* PSR, ¶ 78). The PSR's advisory guideline range for Counts 1 and 2 is 18 to 24 months (Id., ¶ 77), whereas the parties' plea agreement calculation results in a range of 15 to 21 months (Id. ¶ 78).  Mr. Xi requests the Court follow the parties' plea agreement offense level.

Regardless, a below-Guideline downward variance sentence is warranted on Counts 1 and 2. Specifically, Mr. Xi asks that the Court vary down from the sentencing guidelines range and impose a 6-month sentence for counts 1 and 2. Mr. Xi understands that, under 18 U.S.C. § 1028A(a), the Court must impose a mandatory 24-month sentence for count 3, which under subsection (b)(2) of that statute must run consecutive to counts 1 and 2. In short, Mr. Xi requests an aggregate sentence of 30 months, consisting of 6 months on Counts 1 and 2, consecutive to 24 months on Count 3.

**II.    The Court should impose Mr. Xi's federal sentence to run concurrent with his state sentence, either A) entirely, or alternatively B) Counts 1 and 2 should be concurrent to the undischarged state sentence.**

Mr. Xi is currently serving an undischarged 8-year state court sentence, with an expected release date of more than six years from now, i.e. October 14, 2032. (PSR, ¶ 50). He requests that this Court impose the entirety of his sentence in this case concurrent with that undischarged state sentence. However, in the event that this Court decides either that it cannot or will not do that, he alternatively requests that this Court impose the sentence on Counts 1 and 2 concurrent with the state sentence.

4

**A. Mr. Xi's entire federal sentence on all counts should run concurrently with his state sentence.**

Given the length of Mr. Xi's undischarged state sentence, this Court should impose the entirety of his aggregate federal sentence concurrent with his state sentence. In other words, this Court's sentence on Counts 1, 2, and 3, should be ordered to run concurrent with Mr. Xi's Cuyahoga County Common Pleas Court 8-year sentence.

This Court has the discretion to impose either concurrent or consecutive sentences on a defendant who is subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). In making that decision, the Court is to consider "the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). The Guidelines, too, reflect this requirement. Under Guideline Section 5G1.3, in a case where a defendant faces "an undischarged term imprisonment," a Court may impose "the sentence for the instant offense … to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." § 5G1.3(d). The Guideline further instructs that the Court should work to "achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d).

Here, this Court should find that both a "reasonable punishment" and the requirements of § 3535(a) support an entirely concurrent sentence. Any additional time of incarceration beyond October 14, 2032, would result in a sentence that is "greater than necessary" to punish Mr. Xi for his offense conduct. 18 U.S.C. § 3553(a).

On that issue, Mr. Xi is aware of a District Court holding in *United States v. Gilbert*, 550 F.Supp.3d 460 (E.D. Mich. 2021), which was subsequently affirmed by the Sixth Circuit, 64 F.4th 763 (6th Cir. 2023). In that case, the petitioning inmate raised the claim of ineffective assistance of counsel, arguing that "the Court erred when it concluded that it had to run his aggravated identity

5

theft sentence consecutive to his state parole-violation sentence." *Gilbert*, 550 F.Supp.3d at 469. The District Court held it did not have the discretion to run its sentence for violating 18 U.S.C.§ 1028A concurrent with the undischarged state parole violation sentence. *Id*. at 471. The Sixth Circuit affirmed, stating "neither trial nor appellate counsel were ineffective for failing to object to the consecutive sentence." 64 F.4th at 778.

Mr. Xi makes two arguments in response. First, *Gilbert* was wrongly decided. Mr. Xi argues that the consecutive sentence requirement of § 1028A(b) does not apply to his undischarged *state* court sentence imposed on a different day by a different judge. Second, the context in which the case arose cannot be applied here, as *Gilbert* was differently postured. There, the Court was reviewing a district court's denial of a defendant's motion to modify or reduce his sentence under 28 U.S.C. § 2255 based on trial counsel's failure to argue that the defendant's sentence should have run concurrent with his undischarged state sentence. The *Gilbert* Court's analysis was thus focused on whether the defendant received the effective assistance of trial counsel according to his Sixth Amendment right. *Strickland v. Washington*, 466 U.S. 668 (1984). The Court should not extrapolate that analysis when sentencing Mr. Xi here.

In sum, this Court should find that it has the discretion under the statute and Sentencing Guidelines to run Mr. Xi's entire federal sentence for Counts 1, 2 and 3 concurrent to his state sentence. It should further find that § 3553(a) and a reasonable sentence support doing just that.

**B. The Court should alternatively run its sentence for Counts 1 and 2 concurrent with Mr. Xi's undischarged state sentence.**

If, over Mr. Xi's objection, the Court should find that it either cannot or will not impose the sentence for count 3 (18 U.S.C. § 1028A(a)(1)) consecutive to Mr. Xi's state sentence, then he

6

alternatively asks that the Court follow the dictates of U.S.S.G. § 5G1.3(d) and impose its sentence for Counts 1 and 2 to run concurrent with his state sentence.

Assuming *arguendo* that Count 3's 24-month sentence is imposed consecutively to the 8-year state sentence, that means Mr. Xi would then be serving a 10-year total sentence for his offenses. Adding two years to his current expected release date, would result in Mr. Xi being **released in 2034** – more than **eight years** after the federal sentencing hearing. He will be 35 years old. That is a substantial and significant sentence. Additional time beyond that is not needed to comply with either Section 3553(a) or § 5G1.3(d). Given the total time Mr. Xi will spend incarcerated, at minimum, this Court should impose the sentence on Counts 1 and 2 concurrent with his undischarged state sentence, if Count 3's mandatory 24-month sentence is imposed consecutive. Any additional consecutive time would certainly be "greater than necessary". 18 U.S.C. § 3553(a).

**IV.    Supervised Release should not be imposed.**

Finally, it should be uncontested that there is no mandatory term of supervised release for either Counts 1, 2 or 3.  It should also be uncontested that Mr. Xi is a citizen of Guatemala, has an ICE detainer, and is going to be deported once he is done serving his state and federal sentences. (*See* PSR, page 2). Under these facts, a term of supervised release should not be imposed.

The Sentencing Guidelines support such a request. "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). The commentary further explains how, in that situation, "supervised release is unnecessary." *Id*. at app.n. 9. Further, with these being Mr. Xi's first convictions and with him

having strong family ties to Guatemala, there is no need for "an added measure of deterrence and protection" on these facts. *Id.*

## V.       Conclusion

The Court should find that the 18 U.S.C. § 3553(a) factors, warrant a downward variance to a sentence of six months for Counts 1 and 2, with the mandatory 24-month consecutive sentence for Count 3 – for an aggregate sentence of **30 months**. The Court should conclude that any sentence longer than an aggregate 30-month sentence would be greater than necessary under the facts of this case and Mr. Xi's history and characteristics. 18 U.S.C. § 3553(a). The Court should further order this federal sentence to run wholly concurrent with Mr. Xi's state sentence or, alternatively, that Counts 1 and 2's sentence run concurrently. Finally, no term of supervised release should be imposed.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ David E. Johnson*
DAVID E. JOHNSON
Assistant Federal Public Defender
Ohio Bar: 0081505

*/s/ Lori B. Riga*
LORI B. RIGA
Attorney at Law
Ohio Bar: 0066994
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: David_Johnson@fd.org;
                Lori_Riga@fd.org

8